IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CALVIN W. WOOD, CHEROKEE,

    Plaintiff,

v.                                    CIVIL ACTION NO. 3:10-0122

GREG V. WOOD, CHEROKEE, et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court are several motions: *pro se* Plaintiff Calvin W. Wood's motions to continue time to serve the defendants (Doc. #13), for a hearing (Doc. #15), to extend time for service (Doc. #16), to continue the trial (Doc. #17), and to amend the complaint (Doc. #30); Defendants Greg V. and Alyssa Wood's motion to dismiss (Doc. #18); and Defendants William C. and Diedre Bird's motion to dismiss (Doc. #23). For reasons apparent to the Court, and those stated below, the Court **RULES** as follows. Plaintiff's motion to amend (Doc. #30) is **GRANTED.** Defendants' motions to dismiss (Docs. #18 & 23) are **GRANTED.** Plaintiff's motions to continue, to extend, and for a hearing (Docs. #13, 15, 16, & 17) are **DENIED as moot.**

### Background

Plaintiff filed his *pro se* complaint on February 5, 2010. He then filed an amended complaint, as an attachment to a letter-form motion to amend, on July 2, 2010. The amended complaint closely tracks the Plaintiff's original filing. Therefore, the Court's decision to allow amendment will not affect its ruling on Defendants' motions to dismiss and the latter motions will

be considered in light of the amended complaint.[1]

Calvin Wood's amended complaint purports to establish legal claims related to what appear to be familial disputes concerning events that occurred, primarily, in Florida. The complaint jumps from subject to subject (or event to event) and, therefore, is difficult to follow. However, construing the pleading liberally, as is required for *pro se* filings, the Court reads the amended complaint as attempting to raise the following claims: (1) the conversion of personal property following a tornado in Florida; (2) fraud related to Plaintiff's divorce from Sherry Wood; (3) insurance fraud related to damage to a home in Florida; and (4) the conversion of personal property, specifically tools and other goods, stored at a home in West Virginia.

The amended pleading also contains statements that appear to suggest additional conversion and fraud claims, as well as complaints concerning Plaintiff's lack of contact with his grandchildren and his apparent disapproval of the way his grandchildren are being raised (which is framed as a general disapproval of non-Indian child rearing and a non-Indian lifestyle). The amended pleading also cites to the Racketeer Influenced Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. These additional statements and allegations are, however, disjointed and, for the most part, incoherent. Consequently, even when construing the pleading liberally, the Court cannot re-frame these complaints or statements as specific, viable legal claims.

---

[1] There is no Scheduling Order in this matter. Consequently, the Court looks to Rule 15 of the Federal Rules of Civil Procedure to resolve Plaintiff's motion to amend. Rule 15(a)(2) instructs that: "The court should freely give leave when justice so requires." Fed.R.Civ.Pro. 15(a)(2). The Court is not convinced that justice so requires it grant leave to amend here. Nonetheless, because it does not alter the Court's decision on Defendants' motions to dismiss, the Court **GRANTS** Plaintiff's motion and allows amendment. The Clerk is **DIRECTED** to **FILE** the amended complaint with an effective filing date of July 2, 2010.

**Defendants' Motions to Dismiss**

Defendants Greg and Alissa Wood move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), for a lack of personal jurisdiction and failure to state a claim upon which relief can be granted. Defendants William and Diedre Bird move to dismiss pursuant to Rule 12(b)(6), for failure to state a claim. The motions were filed on May 26, 2010, and June 8, 2010, respectively. Following each motion, the Court issued notices informing Plaintiff of his rights and responsibilities with regard to responding. Each notice provided that:

> Plaintiff is advised that a failure to respond to the motion may result in entry of judgment denying the relief sought in the Complaint and dismissing the suit. Plaintiff is also advised that the submission of a response within fourteen days will be the only opportunity he has to respond to Defendants' motion prior to the Court's decision. *See* Docs. 22 & 24.

Plaintiff filed his response to the Wood motion on June 17, 2010. Doc. 28. Plaintiff has not yet responded to the Bird motion.[2]

Plaintiff's response to the Wood motion includes, essentially, his version of the relevant family history. Further, Plaintiff recites his own contacts with West Virginia; states that the suit is intended, at least in part, as a means to provide him with access to his grandchildren; and reiterates (often incomprehensibly) the complaints and allegations made in his amended complaint. The response also contests Alissa Wood's contention that she was not properly served and addresses Defendants' claim that Calvin Wood may not be competent. For the most part, however, the lengthy response cites, apparently randomly, to laws, rules of procedure, and alleged facts, without providing a coherent statement of the case or any justifiable reasons to avoid dismissal. The Wood Defendants

---

[2]Because it finds that Plaintiff's amended complaint wholly fails to state a claim upon which relief can be granted, and would have reached this conclusion *sua sponte*, the Court need not wait for Plaintiff's response to the Bird motion to dispose of this matter.

have replied, again, contesting the complaint under Rules 12(b)(2) and 12(b)(6).

## Standards of Review

I.   *Personal Jurisdiction*

When a non-resident defendant files a motion pursuant to Rule 12(b)(2) challenging the court's power to exercise personal jurisdiction, "the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir.1989).  When, as here, the court addresses the issue of jurisdiction "on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *Id.* at 676 (citations omitted).  "In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* at 676 (citations omitted).

To establish a prima facie case for personal jurisdiction, the Plaintiff must show (1) that a statute or rule authorizes service of process on the non-resident defendant; and (2) that service on the non-resident defendant comports with the requirements of the Due Process Clause. *In re Celotex Corp.*, 124 F.3d 619, 627  (4th Cir.1997).  As West Virginia's long-arm statute extends to the full reach of due process, "it is unnecessary in this case to go through the normal two-step formula for determining the existence of personal jurisdiction." *Id.* at 627-28. (citations omitted).  Instead, "the statutory inquiry necessarily merges with the Constitutional inquiry." *Id.* at 628.  Thus, this Court's inquiry focuses on whether exercising personal jurisdiction over the defendant comports with due

process.

Personal jurisdiction is consistent with the Due Process Clause if the Court determines that a defendant has sufficient "minimum contacts" with West Virginia such that requiring it to defend its interest in West Virginia "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  The United States Supreme Court has explained that "minimum contacts" must be "purposeful." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). The "'purposeful' requirement rests on the basic premise that traditional notions of fair play and substantial justice are offended by requiring a non-resident to defend itself in a forum when the non-resident never purposefully availed itself of the privilege of conducting activities within the forum, thus never invoking the benefits and protections of its laws." *Celotex*, 124 F.3d at 628.  In other words, a defendant cannot be "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or . . . [because] of the 'unilateral activity of another party or a third person." *Burger King Corp.,* 471 U.S. at 475 (citations omitted).  This requirement "helps ensure that non-residents have fair warning that a particular activity may subject them to litigation within the forum." *Celotex*, 124 F.3d at 628 (internal quotations and citations omitted).

II.     *Failure to State a Claim*

Under Rule 12(b)(6), a defending party may move to dismiss if the pleading party has failed to state a claim for which relief may be granted.  A Rule 12(b)(6) motion tests the sufficiency of the pleading.  It does not resolve factual disputes, the merits of a claim, or the applicability of all defenses. *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  In considering a Rule 12(b)(6) motion, the claims must be viewed in the light most favorable to the

non-moving party and all factual allegations are accepted as true. *Sec. of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see also Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). Dismissal is appropriate if the facts alleged do not raise a right to relief above the speculative level or provide enough facts to state a claim to relief that is plausible on its face. *See Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

"[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). The court "may consider documents attached to the complaint as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Trimble*, 484 F.3d at 705 (internal citations omitted).

**Analysis**

The Court need not address the personal jurisdiction question. Instead, it **FINDS** that: (1) Plaintiff's amended complaint fails to state a claim upon which relief can be granted, with respect to all defendants, and (2) Plaintiff has failed to establish subject matter jurisdiction. Therefore, this action is **DISMISSED** in its entirety, including the dismissal of those claims against Jon C. Wood, Kristine Wood, and Sherry Wood (who have not yet made an appearance and did not file a motion to dismiss), as well as any claims against the remaining "Unknown" defendants.

The Court cannot and does not take a stance on the question of Plaintiff Calvin Wood's competency. Nonetheless, it agrees with the defendants, who have filed motions to dismiss, that Plaintiff's complaint is, largely, incomprehensible. Plaintiff is plainly frustrated over familial matters. However, even when the Court takes as true all of the factual allegations made in the

amended complaint, there is no basis for the exercise of federal jurisdiction. To the contrary, Plaintiff appears to raise, at a maximum, state law claims. Further, it seems the majority of the events and/or transactions that may give rise to state law claims occurred outside of West Virginia. Consequently, the complaint fails to state a complaint upon which relief can be granted and this Court lacks jurisdiction.

A court must always inquire into its own jurisdiction. The federal district courts are courts of limited jurisdiction, "[t]hey possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). There are two primary ways to assert federal jurisdiction: (1) raise a federal question, or (2) diversity. *See* 28 U.S.C. §§ 1331 &1332.

Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Accordingly, federal district courts have original jurisdiction over actions arising under the laws of the United States (i.e., over a federal question). Title 28 U.S.C. § 1332(a)(1), on the other hand, establishes federal jurisdiction based on diversity of citizenship. It provides: "The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Thus, under 28 U.S.C. § 1332(a)(1), a plaintiff seeking to establish subject matter jurisdiction must show (1) complete diversity and (2) that the amount in controversy exceeds $75,000. Calvin Wood has not met this burden. Further, despite mentioning RICO in his amended complaint, he has not raised a federal question. Consequently, the amended complaint fails to state sufficient facts or any claim upon which this Court may exercise jurisdiction. The amended

complaint is, therefore, **DISMISSED.**

## Conclusion

The Court **ORDERS** that this action be dismissed without prejudice. The Court **DIRECTS** the Clerk to remove this action from the docket of this Court and to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: July 16, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE